UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID LEE TERMARSCH,

    Plaintiff,

v.                        CASE NO.  8:09-CV-1829-T-17TGW

STATE OF MICHIGAN, 71A
DISTRICT COURT, et al.,

    Defendants.

_____/

ORDER

This cause is before the Court on all pending motions.

Plaintiff David Lee TerMarsch is proceeding pro se in this case.

The Complaint in this states that this case is brought under the following: 28 U.S.C. Sec. 1331, 28 U.S.C. Sec. 1346, 28 U.S.C. Sec. 1361, Article 1, Section 8, Clause 17 of the U.S. Constitution, the Fourth Amendment, 42 U.S.C. Sec. 1983, 28 U.S.C. Sec. 1343(a)(3); and 28 U.S.C. Sec. 1333(a).

Within the Complaint (pp. 3-4), Plaintiff TerMarsch has named the following parties as defendants:

    71 A District Court Lapeer County;

    Laura Cheger Barnard, sued in her official capacity as judge;

    Fabrizio & Brooke, P.C., of Troy, Michigan;

Case No. 8:09-CV-1829-T-17TGW

    Marc P. Jerabek, in official capacity as agent/attorney
for Fabrizio & Brook, P.C.

    Deutsche Bank National Trust Company, Trustee

    John and/or Mary Doe, in official capacity as Trustee and
Administrative Agent of Deutsche Bank

    Wayne Lee, and/or successor, in official capacity as CEO
agent for Deutsche Bank

    New Century Mortgage Corporation

    Brad A. Morrice, in official capacity as CEO for
New Century Mortgage Corporation

    Robert J. Kleine, in official capacity as Comtroller (sic)
of State of Michigan

The Court notes that the style of the Complaint includes the following additional parties as Defendants:

    State of Michigan
    Homeq Servicing Corporation
    Art Lyon, President
    Lapeer County Sheriff Office
    Ronald J. Kalanquin, Sheriff
    LaPeer County Clerks Office

The Complaint (Dkt. 1) in this case includes the following Counts:

    **Count I**, as to all Defendants, for "Trespass on Case";

    **Count II**, as to Deutsche Bank, Homeq Servicing Corporation, Febrizio & Brooke, PC, and Mark Jerabek, for "Trespass on Case", and violations of Fair Debt Collection Practices Act;

    **Count III**, as to Laura Cheger Barnard, for exceeding jurisdiction;

2

Case No. 8:09-CV-1829-T-17TGW

**Count IV**, as to Laura Cheger Barnard, alleging violation of due process by procedures in which Plaintiff was found in contempt of court and removed from court, and violation of oath of office, committing a trespass and exceeding Judge Barnard's jurisdiction in removing Plaintiff's family from the premises at 4200 Phillips Rd., Metamora, Michigan, 48455;

**Count V**, as to New Century Mortgage, for not having a license, and for intent to defraud and extort property from Plaintiff, for committing fraud by concealment, fraud by misrepresentation, for obtaining Plaintiff's money by deceptive business practices, "Trespass";

**Count VI**, as to Lapeer County Sheriff's Office, Ronald J. Kalanquin, allegations that Plaintiff gave them notice of a RICO case, but the Michigan Highway Patrol came and removed Plaintiff's family from the property; violation of oath of office and a trespass; notification to Nick N. Holowkawas of RICO case, no stay motion made and told officers to remove Plaintiff's family from the premises.

**Count VII,** as to Laura Cheger Barnard, objection to procedure to Judge Barnard in resolving contempt issue; complaint that Judge Barnard exceeded her jurisdiction and trespassed against Plaintiff;

**Count VIII**, directed to all Defendants, complaining of many different violations in Michigan State court case, complaining of lack of jurisdiction in Michigan state court and lack of qualifications under Federal Constitution and Constitution of Michigan;

**Count IX,** directed to all Defendants, seeking sanctions Defendants and that the property located at 4200 Phillips Rd., Metamora, Michigan, 48455, be restored to Plaintiff with free and clear title.

Plaintiff includes notice to this Court of constitutional, RICO, statute and code violations, and notice of violation of copyright laws.

3

Case No. 8:09-CV-1829-T-17TGW

For relief, Plaintiff David Lee TerMarsch seeks an injunction staying Case Number 07-2487-LT in the Michigan State Court, to cease any further prosecution of that case until Case No. 8:09-CV-1829-T-17TGW is adjudicated, the entry of sanctions against Defendants' counsel, the return of Plaintiff's property, and a judgment against each Defendant for general damages in the amount of $6,000,000, interest and costs.

The Court notes that Plaintiff TerMarsch has filed other cases in this district. Case No. 8:07-CV-1725-30TBM, David L. TerMarsch v. Argent Mortgage Company, LLC, et al., was dismissed for lack of subject matter jurisdiction pursuant to the <u>Rooker-Feldman</u> doctrine. In that case, Defendants provided the docket sheet of other proceedings, including a copy of the complaint and order filed in the mortgage foreclosure action against Plaintiff, for the purpose of judicial notice. Judge Moody found that the issues raised in that complaint were inextricably intertwined with the state court's judgement, such that Plaintiff effectively asked the Court to invalidate the state court judgment. Judge Moody notified Plaintiff that any relief Plaintiff seeks must come from the court that entered the underlying judgment. Judge Moody also noted that venue was improper.

In Case No. 8:07-CV-1580-T-24TBM, David L. TerMarsch v. New Century Mortgage Corporation, the Court dismissed the case without prejudice for improper venue.

The Court further notes that Plaintiff filed suit in the U.S. District Court in the Eastern District of Michigan, Case No. 2:06-CV-12514-PJD-PJK (E.D. Mich. 2006), and Case No. 2:05-CV-75137-PJD-PJK (E.D. Mich. 2006), both of which were dismissed

Case No. 8:09-CV-1829-T-17TGW

pursuant to Rule 12(b)(6).

I. Pending Motions

A.  Rooker-Feldman Doctrine

Federal courts lack jurisdiction to review the final judgments of state courts if the following criteria are met:

> 1) the party in federal court is the same as the party in state court; 2) the prior state court ruling was final or a conclusive judgment on the merits; 3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceedings; and 4) the issue before the federal court was either adjudicated by the state court or was inexectricably intertwined with the state court's judgment.

See Amos v. Glynn County Bd. Of Tax Assessors, 347 F.3d 1249, 1265 n. 5 (11th Cir. 2003).  A federal claim is intertwined with the state court's judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.  See Siegel v. LePore, 234 F.3d 1163, 1172 (11th Cir. 2000). If a federal claim is inextricably intertwined with the state court's judgment, the doctrine does not apply if there was no reasonable opportunity to raise the federal claim in the state court proceedings.  A federal court may entertain a collateral attack on a state court judgment which is alleged to have been procured through fraud, deception, accident or mistake. See In Re Sun Valley Foods Co., 801 F.2d 186, 189 (6th Cir. 1986).

Case No. 8:09-CV-1829-T-17TGW

In the Complaint, Plaintiff TerMarsch alleges that his family was evicted from the premises. Further, another case based on the same underlying facts has been dismissed on the basis of the Rooker-Feldman doctrine. Based on the records of the state court proceeding filed in Case No. 8:07-CV-1725-T-30TBM, the Court concludes that the judgment in the related mortgage foreclosure proceedings in state court has become final.

Plaintiff Termarsch is pursuing various claims in this case. The Court does not completely understand Plaintiff's allegations; however, it is clear that the allegations of the Complaint are closely related to the mortgage foreclosure proceedings on the premises at 4200 Phillips Rd., Metamora, Michigan, 48455. After considering the relief sought by Plaintiff, which includes a stay of state court proceedings, and restoration of Plaintiff's property, as well as a claim for money damages, the Court finds that this case is inextricably intertwined with the mortgage foreclosure proceedings in Michigan state court. The Court has no choice, and must dismiss the Complaint due to lack of subject matter jurisdiction, based on the Rooker-Feldman doctrine. The Court **grants** Defendants' Motion to Dismiss (Dkt. 41).

B. Eleventh Amendment Immunity

Defendant Klein, and State of Michigan move to dismiss on the basis of Eleventh Amendment immunity. In the Complaint, Plaintiff seeks money damages against Defendants Klein and the State of Michigan. The Court therefore **grants** Defendants' Motion to Dismiss (Dkt. 44).

Case No. 8:09-CV-1829-T-17TGW

C. Improper Venue

Plaintiff's Complaint includes jurisdictional allegations which are based on federal question jurisdiction, as well as other bases for jurisdiction. Where an action is not based on diversity, venue is proper only in: 1) a district in which any defendant rises, if all defendants reside in the same state, 2) a district in which a "substantial part of the events or omissions giving rise to the claim occurred" or a substantial part of the property that is subject to the action is situated; or 3) a district in which any defendant may be found, if there is no district in which the action may otherwise be brought. See 28 U.S.C. Sec. 1391(b). Therefore, if the Court did not dismiss this case for lack of subject matter jurisdiction under the Rooker-Feldman doctrine, the Court would dismiss this case for improper venue.

D.  Dkt. 31 Motion for Default Judgment against Deutsche Bank
         National Trust Company, Seth Waugh, John/Mary Doe

Defendants Deutsche Bank National Trust Company, and Seth Waugh have moved to quash service and to dismiss for insufficient process and service of process (Dkts. 30, 47). The Court therefore **denies** the Motion for Default Judgment (Dkt. 31).

E.  Dkt. 49 Motion for Entry of Clerk's Default (Bruns, 71A
         District Court, Barnard)
    Dkt. 50 Motion for Entry of Clerk's Default (Lapeer County
         Sheriff's Office, Kalanquin)

Defendants Bruns, 71A District Court, Barnard, Lapeer County Sheriff's Office and Ronald J. Kalanquin have moved to dismiss the Complaint (Dkt. 41). The entry of a Clerk's Default is not

7

Case No. 8:09-CV-1829-T-17TGW

appropriate. The Court therefore **denies** the Motions for Entry of Clerk's Default.

F.  Other Pending Motions

The Court denies the other pending motions as moot: Dkt. 30, Dkt. 36, Dkt. 40, Dkt. 47, Dkt. 48, Dkt. 53.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 7th day of January, 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

8Copies
to:
All
parties and counsel of record